UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11059-JLS-MAR                                               Date: December 31, 2025
Title: Foremost Insurance Company Grand Rapids, Michigan v. Salvador Polina et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                                              Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**

On November 18, 2025, Plaintiff Foremost Insurance Company Grand Rapids, Michigan ("Foremost Insurance") filed the Complaint in this action against Defendants Salvador Polina, SP Homes Company LLC, SMD Drywall Inc., Jose Murillo, Sandee Kristina Heintz, and Yesenia Heintz-Acosta.  (Compl., Doc. 1.)  The Complaint alleges that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), "because there is diversity between the parties and the amount in controversy exceeds $75,000.00 exclusive of costs and interests."  (*Id.* ¶ 1.)

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  As the party invoking federal jurisdiction, Foremost Insurance has the burden of establishing that this case is within the Court's jurisdiction.  *See id.*  However, Foremost Insurance's allegations are insufficient to establish complete diversity of citizenship.  *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("[E]ach of the plaintiffs must be a citizen of a different state than each of the defendants.").  As to its own citizenship, Foremost Insurance alleges only that it "is a Michigan company authorized to do business in the State of California, County of Los Angeles."  (Compl. ¶ 3.)  Foremost Insurance does not specify whether it is a corporation or an unincorporated business entity, and even if it had, it does not allege facts sufficient to establish its citizenship.  For example, if Foremost Insurance

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11059-JLS-MAR                                              Date: December 31, 2025

Title: Foremost Insurance Company Grand Rapids, Michigan v. Salvador Polina et al

is a corporation, it must allege facts going to its principal place of business, but the Complaint contains no such facts.  *See* 28 U.S.C. § 1332(c)(1).  Foremost Insurance also fails to allege sufficient facts going to the citizenship of Defendant SP Homes Company LLC ("SP Homes").  Foremost Insurance states that SP Homes is a "California limited liability company registered with the State of California, with its principal place of business in Downey, California."  (Compl. ¶ 5.)  However, "an LLC is a citizen of every state of which its owners/members are citizens."  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Foremost Insurance does not provide information as to SP Homes's owners or members, so the Court cannot determine its citizenship.

Accordingly, Foremost Insurance is ORDERED to show cause, in writing, no later than **seven (7) days** from the date of this Order, why this action should not be dismissed for want of federal jurisdiction.  Failure to timely respond will result in the dismissal of this action.

Initials of preparer: kd